IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-80,755-01, WR-80,755-02






EX PARTE JOSE ANTONIO BANDA, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 1306394-A AND 1306395-A IN THE 230TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to two charges of
aggravated robbery, and was sentenced to twenty years' imprisonment in each case, with the
sentences to run concurrently. He attempted to appeal his convictions, but the appeals were
dismissed for want of jurisdiction, because the trial court certified that these were plea bargain cases,
and Applicant had no right to appeal. Banda v. State, Nos. 14-12-00189-CR and 14-12-00190-CR
(Tex. App. - Houston [14th Dist.] April 17, 2012).

 Applicant contends that his trial counsel rendered ineffective assistance because counsel
failed to investigate the procedure by which Applicant was identified as the robber or interview
eyewitnesses, filed a motion to withdraw from the representation and ceased to actively represent
Applicant after that motion was denied, and promised Applicant that he would receive probation if
he entered an open plea to the trial court and admitted his guilt. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to what advice counsel
gave Applicant with respect to his options for pleading guilty or going to trial on the charges. The
trial court shall make findings as to whether counsel advised Applicant that by entering an open plea
pursuant to a pre-sentence investigation (with an agreed "cap" of 25 years' imprisonment) he could
receive any sentence between five and twenty-five years' imprisonment and would not be able to
appeal. The trial court shall make findings as to whether counsel promised Applicant that he would
receive probation if he admitted his guilt and entered an open plea. The trial court shall make
findings as to whether the performance of Applicant's trial counsel was deficient and, if so, whether
counsel's deficient performance prejudiced Applicant. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: February 5, 2014

Do not publish